

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. AP-76,823

---

### Ex parte ZERICK MARVIS

---

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### FROM HARRIS COUNTY

---

*Womack, J., delivered the opinion of the Court, in which Keller, P.J., and Meyers, Keasler, Hervey, Cochran, and Alcala, JJ., joined. Price and Johnson, JJ., dissented.*

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to our Court this application for a writ of habeas corpus.[1] The applicant was convicted of murder and sentenced to seventy-five years' imprisonment. On direct appeal, the Fourteenth Court of Appeals reversed the case for a new trial, but we reversed their decision after granting the State's Petition for Discretionary Review.[2] We deny relief.

---

[1] *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Cr. App. 1967).

[2] *See Marvis v. State,* 36 S.W.3d 878 (Tex. Cr. App. 2001).

**Ineffective Assistance of Trial Counsel**

In his application for a writ of habeas corpus, the applicant makes eight claims of ineffective assistance of his trial counsel. The habeas court recommended that relief on these grounds be denied. While we are not bound by the findings of the habeas court, we should follow them when they are supported by the record.[3] Here, the trial court is correct that the applicant has not shown by a preponderance of the evidence that (1) his counsel's representation fell below the standard of prevailing professional norms and (2) there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different.[4] Consequently, we deny relief on those grounds.

**Ineffective Assistance of Appellate Counsel**

The applicant next claims that his appellate attorney provided ineffective assistance. On this ground, the habeas court recommended we grant relief because the applicant's appellate attorney failed to appeal the admission of hearsay evidence that the applicant committed (but was not convicted of) a home invasion. Although the court's finding that the testimony was inadmissible hearsay is supported by the record, it failed to consider the standard for reversible error in finding that the appellate court would have vacated the applicant's sentence.

An attorney "need not advance every argument, regardless of merit, urged by the appellant."[5] However, if appellate counsel fails to raise a claim that has indisputable merit under well-settled law and would necessarily result in reversible error, appellate counsel is ineffective

---

[3] *Ex parte Lemke*, 13 S.W.3d 791, 796 (Tex. Cr. App. 2000).

[4] *See Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Cr. App. 2005) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)).

[5] *Evitts v. Lucey,* 469 U.S. 387, 394 (1985).

for failing to raise it.[6] To show that appellate counsel was constitutionally ineffective for failing to assert a particular point of error on appeal, an applicant must prove that: (1) counsel's decision not to raise a particular point of error was objectively unreasonable, and (2) there is a reasonable probability that, but for counsel's failure to raise that particular issue, he would have prevailed on appeal.[7]

In this case, the State offered evidence, over objection, that the applicant could have been involved in a home invasion and robbery in which one person received a gunshot wound to the face. Specifically, an investigator for the Brazoria County District Attorney's Office testified that during the investigation of a home invasion, it was learned that the persons involved in the crime were at the home of Marva Sears before and after the offense, that Sears identified the applicant as one of the people at her house, and that charges were filed against the applicant based on this and other information. The applicant's trial counsel objected unsuccessfully that this evidence was inadmissible because it was hearsay that was more prejudicial than probative.[8] The State's closing argument implied that the applicant's participation in the home invasion showed a pattern of escalating violence.

The applicant now claims that his appellate counsel was ineffective for failing to raise this issue on appeal. Even if we assume (without deciding) that the evidence was inadmissible

---

[6] *Ex parte Miller*, 330 S.W.3d 610, 623 (Tex. Cr. App. 2009).

[7] *Ex parte Santana*, 227 S.W.3d 700, 704-05 (Tex. Cr. App. 2007); see also *Smith v. Robbins*, 528 U.S. 259, 285-86 (2000).

[8] Both the application and the State's response spend a fair amount of time discussing whether or not the applicant's trial counsel objected to every hearsay question, and, consequently, if error was properly preserved for review. However, a motion to suppress was filed and ruled upon before the punishment hearing. When a court overrules a pretrial motion to suppress evidence, the defendant need not subsequently object to the admission of the same evidence at trial to preserve error. *Garza v. State*, 126 S.W.3d 79, 84 (Tex. Cr. App. 2004).

hearsay, the applicant cannot show that there is a fair probability he would have been successful appealing the introduction of this evidence.

In order to prevail on an appeal of the admission of evidence, an appellant must show that the trial court clearly abused its discretion in admitting the evidence.[9] However, because such error is non-constitutional in nature, the appellate court should not reverse unless such error affected the substantial rights of the defendant.[10] This means "the error did not influence the jury, or had but a slight effect."[11] Clearly, in order to affect the defendant's rights, the error must have resulted in a different (i.e. longer) sentence than he would have otherwise received. Here, no evidence was offered that the applicant was present for the home invasion or in any way participated in the crime. All the State could show was that he may have been at a location prior to the crime with the perpetrators. Further, the jury was properly instructed that it could consider extraneous offenses only if the State proved them beyond a reasonable doubt. This mitigated the State's argument that the applicant had, in fact, committed the home invasion because we are to presume that the jury followed the court's instructions.[12] Consequently, the applicant has not shown that this evidence in any way affected the jury's sentence. This is, at most, harmless error.

Based upon the trial court's findings and conclusions and our own review of the record, we deny relief on all grounds.

---

[9] *Winegarner v. State*, 235 S.W.3d 787, 790 (Tex. Cr. App. 2007).

[10] *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Cr. App. 1998); TEX. R. APP. P. 44.2 (b).

[11] *Cobb v. State*, 85 S.W.3d 258, 272 (Tex. Cr. App. 2002).

[12] *See Penry v. Johnson*, 532 U.S. 782, 799-800 (2001).

Delivered March 20, 2013.

Do not publish.